```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

DANNY W. SKLARSKI and JOHN
CERETTO,
                              **No.09-cv-633(MAT)**
                              **DECISION AND ORDER**
                   Plaintiffs,

    -vs-

NIAGARA FALLS BRIDGE COMMISSION,
BOARD OF COMMISSIONERS OF THE
NIAGARA FALLS BRIDGE COMMISSION,
AND NORMA I. HIGGS,

                   Defendants.
___

**I.  Introduction**

Represented by counsel, Danny Sklarski and John Ceretto ("plaintiffs") bring this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that FOIA requires defendant Niagara Falls Bridge Commission, its Board of Commissioners, and its chairman Norma I. Higgs ("defendants" or "the Commission") to produce information related to the June 21, 2008 resignation of Thomas E. Garlock from his position as General Manager of the Commission. See doc. 15 (amended complaint). Plaintiffs also claim that the terms of the joint resolution establishing the Commission, as well as New York State's Freedom of Information Law ("FOIL"), require disclosure. Presently before the Court are defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and plaintiffs' cross-motion for summary judgment pursuant to Rule 56. For the reasons set forth herein, defendants' motion is converted to a motion for summary judgment and granted, and plaintiff's cross-motion is denied.

**II.   Factual Background and Procedural History**

On June 16, 1938, Congress created the Niagara Falls Bridge Commission by a joint resolution ("the resolution"). See doc. 18-4 (H.R. J. Res. 688, 75th Cong., 52 Stat. 767-71 (1938)). The resolution provides that the Commission is to be made up of four Commissioners appointed by the governor of New York State and four Commissioners appointed by the Premier of Ontario, Canada. Under the terms of the resolution, the Commission is authorized to acquire property through eminent domain as needed for a bridge across the Niagara River, in the cities of Niagara Falls, New York and Niagara Falls, Ontario, Canada. The Commission currently owns and operates three international bridges: the Rainbow Bridge, the Whirlpool Bridge, and the Lewiston-Queenston Bridge. The Commission supports its operations with tolls and other income derived from bridge operations. In 1991, Congress amended the resolution to state that "[t]he Commission shall be deemed for the purposes of all Federal law to be a public agency or public authority of the State of New York, notwithstanding any other provision of law." Intermodal Surface Transp. Efficiency Act of 1991 ("ISTEA"), Pub. L. No. 102-240, § 1070, 105 Stat. 1914, 2012 (1991).

On July 21, 2008, Thomas E. Garlock ("Garlock") resigned from his position as General Manager of the Commission. Plaintiff's complaint alleges that "[i]t was reported that, upon his resignation, Mr. Garlock received a lucrative severance package." Doc. 15 at ¶ 25. Plaintiffs complain that the Commission refused to

release details of his severance package, and they therefore "submitted an information request to the Commission . . . requesting production of (1) any resolution the Commission may have adopted in connection with Mr. Garlock's departure, and rationale for such resolution; (2) Mr. Garlock's employment contracts including his most recent contract; (3) the details of any severance package that Mr. Garlock received upon his departure; and (4) information as to whether Mr. Garlock left his position voluntarily or involuntarily." Id. at ¶ 27.

On March 26, 2010, this Court granted defendants' motion to dismiss the complaint, finding that the Commission was not an agency of New York State and therefore not subject to New York's Freedom of Information Law ("FOIL"). See doc. 14. Plaintiffs were given leave to amend, and on May 24, 2010 filed an amended complaint alleging (1) the Commission is an "agency" within the meaning of FOIA and therefore subject to its provisions; (2) the joint resolution which created the Commission established that it is required to turn over the requested information; and (3) New York's FOIL requires disclosure of the requested materials. For the same reasons as set forth in the Court's Decision and Order dated March 26, 2010, plaintiffs' third cause of action is dismissed.[1] Defendants have moved to dismiss pursuant to

---

[1] The complaint states that the previously-dismissed cause of action based on New York's FOIL was included "in order to preserve [plaintiffs] appellate rights concerning the dismissal of this claim." Doc. 15 at n.2.

3

Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have cross-moved for summary judgment pursuant to Rule 56.

**IV. Discussion**

Because defendants request this Court to consider matters outside the record, including declarations and exhibits attached to its motion, the Court hereby converts defendants' motion to dismiss to a motion for summary judgment pursuant to Rule 56. See Fed. R. Civ. P. 12(d). See In re G. & A. Brooks, Inc., 770 F.3d 288, 295 (2d Cir. 1985).

    **A.    Standard of Review**

Pursuant to Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the movant has met this burden, the burden shifts to the nonmovant who must "come forward with evidence to allow a reasonable jury to find in his favor." Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir. 2001); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325-27 (1986). The court must draw all factual inferences, and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Celotex, 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to

those facts." Scott v. Harris, 550 U.S. 372, 380 (2007), quoting Fed. R. Civ. P. 56(c).

### B. FOIA

Defendants contend that the Commission is not an "agency" within the meaning of FOIA and therefore the Commission is not subject to FOIA's provisions. FOIA defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . ., or any independent regulatory agency." 5 U.S.C. § 552(f)(1). "Government," for purposes of FOIA, means the federal government. See 5 U.S.C. § 551(1). "[I]t must be established that an 'agency' has 'improperly withheld agency records' for an individual to obtain access to documents through an FOIA action." Forsham v. Harris, 445 U.S. 169, 177 (1980); id. at 180 (holding that grants of federal funds do not convert an entity to an "agency" for purposes of FOIA "absent extensive, detailed, and virtually day-to-day supervision.").

Defendants cite case law holding that before an entity can be held subject to FOIA, there must be "a threshold showing of substantial federal control or supervision." Irwin Mem'l Blood Bank of San Francisco Med. Soc. v. Am. Nat'l Red Cross, 640 F.2d 1051, 1055 (9th Cir. 1981) (citing, inter alia, Forsham, 445 U.S. at 180-81). In Irwin, the Court held that the American Red Cross was not subject to FOIA, despite the facts that it had a federal

charter; the federal government provided buildings for Red Cross use; the President appointed eight members of its Board of Governors, including the principal executive; seven other board members were designated from other federal agencies; and the Red Cross was subject to federal audits. 640 F.2d at 1056-58. The Court found that although "[t]he Red Cross [was] undoubtedly a close ally of the United States government, . . . its operations [were] not subject to *substantial federal control or supervision*." Id. at 1057 (emphasis added).

Similarly, in Singleton Sheet Metal Works, Inc. v. City of Pueblo, 727 F. Supp. 579, 581 (D. Colo. 1989), also relying on Forsham, the district court held that "[t]here must be 'extensive, detailed and virtually day-to-day supervision' by the federal government before 'federal agency' status can attach to a non-federal entity." Id. (citing Forsham, 445 U.S. at 180). Here, defendants have submitted a declaration of Janice A. Thomson, a Canadian citizen who was appointed as a Commissioner by the Premier of the Province of Ontario. Thomson avers that the Commission "is financially self-sufficient, and receives no operating funds from any government, whether local, state, or federal, or American or Canadian." Doc. 18-9 at ¶ 2.

Plaintiffs have submitted no evidence that the Commission is in any way subject to the substantial federal control or supervision required by relevant precedent. Rather, their argument focuses on the legislative history of the Administrative Procedures

Act ("APA"), from which FOIA took its definition of "agency," and on the legislative history of FOIA itself. Plaintiffs also contend that the Commission is not a Canadian agency, and therefore it is an "agency" of the United States government. Finally, plaintiffs argue that the operation of international bridges is "a clear function of the Government." Doc. 19-16 at 17.

Plaintiffs do not dispute defendants' contentions that the Commission's employees are not federal employees, the Commission receives no federal funds, and the federal government does not recommend or appoint Commissioners. They also fail to distinguish the relevant case law. As discussed above, persuasive precedent holds that an entity must be subject to "substantial federal control or supervision" in order to be subject to FOIA. See Irwin, 640 F.2d at 1055; Singleton, 727 F. Supp. at 581; see also Gilmore v. U.S. Dep't of Energy, 4 F. Supp. 2d 912, 919 (N.D. Cal. 1998) (finding that entity was not an "agency" for purposes of FOIA where, although it received federal funding, its employees were not federal employees, and it was not under the "day-to-day supervision and control required for [it] to be deemed a government-controlled corporation"); Ciba-Geigy Corp. v. Mathews, 428 F. Supp. 523, 528 (S.D.N.Y. 1977) (finding that entity was not subject to FOIA where it was "subject to federal audit but not to federal supervision of its daily operations").

Here, not only is federal control and/or supervision absent, but Congress actually amended the joint resolution in 1991 to

"deem" the Commission "a public agency or public authority of the State of New York" for purposes of federal law. ISTEA, Pub. L. No. 102-240, § 1070, 105 Stat. 1914, 2012 (1991). It is this clear both from the case law and from the expressed Congressional intent that the Commission is not an "agency" of the federal government within the meaning of FOIA. Summary judgment is therefore granted to defendants on this ground.

    C.    **The Joint Resolution**

Plaintiffs next contend that the terms of the joint resolution itself create an obligation on the part of the Commission to comply with FOIA. The resolution provides that, in association with the operation of the Commission and its collection of tolls, "[a]n accurate record of the cost of the bridge and its approaches, the expenditures for maintaining, repairing, and operating the same, and of the daily tolls collected shall be kept and shall be available for the information of all persons interested." H.R. J. Res. 688, § 5, 75th Cong., 52 Stat. 767-71 (1938). Section 5 of the resolution also requires a sinking fund to pay principal and interest due on Commission bonds.

Basic canons of statutory construction dictate that this language was not intended to expand the Commission's duties of disclosure to the scope contemplated by FOIA, which was enacted some thirty years later. The statute is plain in its language and delineates a list of items subject to disclosure. Congress's expression of this list is dispositive. "A general rule of

statutory construction is that "[w]hen the legislature expresses things through a list, the court assumes that what is not listed is excluded." In re Ben Franklin Retail Store, Inc., 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (quoting 2A Sutherland Statutory Construction § 47.23, at 216-17 (5th ed. 1992)). Plaintiffs' requests for information at issue in this case are not included in the list of items required to be disclosed by the plain language of the resolution.

Although Garlock was an employee of the Commission, plaintiffs have not convincingly argued that any severance package received by him was an "expenditure for maintaining, repairing and operating" the Commission's bridges within the meaning of the resolution. Furthermore, as defendants argue, the resolution states that the expenditure information is required to be provided only to "persons interested." There is no indication found in the terms of the resolution, which was enacted approximately three decades prior to FOIA, that the term "persons interested" was meant to include members of the general public. As defendants point out, the Seventh Circuit addressed identical language in a case involving the White County Bridge Commission. See Borah v. White Cty. Bridge Comm'n, 199 F.2d 213 (7th Cir. 1952). The Borah Court held that, pursuant to the terms of the resolution establishing the White County Bridge Commission, the "persons interested" were the attorneys general for the states of Illinois and Indiana and the United States Attorneys for those districts in which the bridge was located. Id. at 216.

9

The <u>Borah</u> Court's reasoning applies equally to the resolution at issue in this case, which by analogy confers standing on the New York Attorney General, the United States Attorney for the Western District of New York, and the appropriate Canadian authorities.

For the above-stated reasons, summary judgment is granted to defendants on this ground. Plaintiff's complaint is dismissed in its entirety with prejudice.

## V. Conclusion

For the foregoing reasons, defendants' motion to dismiss (doc. 18), which this Court has converted to a motion for summary judgment, is granted. Plaintiff's cross-motion is denied. The amended complaint (doc. 15) is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**
                                    _____
                                         HON. MICHAEL A. TELESCA
                                         United States District Judge

Dated:    November 23, 2016
          Rochester, New York.